# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RAFAEL VIGAL,<br><br>               Plaintiff,<br><br>      v.<br><br>HOLLAND, et al.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CV 13-1970-FMO (JEM)

MEMORANDUM AND ORDER DISMISSING  COMPLAINT WITH LEAVE TO AMEND

On May 8, 2013, Larry Rafael Vigal ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action.  Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the

complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following facts in support of his claim in Count I for excessive force:

> I was called to Board Room where there's no cameras by Officer Perez.  He then asked if I was a Northern Rider Disruptive Group gang member.  I told him no. He continue to ask questions of where I was from, at which time he was on a computer. He then got up and said his flashlight was older than me and I was a lying piece of shit and that I was a Northern Rider.  He then grabbed me by my hair and slapped me.  I asked him what that was for and he said for lying.  He then grabbed his mag light hitting me with the end on the left side of my face where my eye is at, causing me to get a permanent black eye because of a fracture in the bone!  He then said I was going to be his bitch and said for me to get out of his office.

(Complaint at 3 (minor spelling and grammatical errors corrected).)  Plaintiff further alleges that Officer Perez's actions caused disfigurement to the left side of his face and a "permanent black eye that won't go away!"  (Id.)  Plaintiff claims in Count II that, due to fear of retaliation by an unnamed officer, he was unable to file an administrative appeal.  (Id. at 3-4.)  Finally, Plaintiff claims in Count III that he "[c]ould not receive[] medical attention because officer did not allow me to."  (Complaint at 5.)

Plaintiff names Warden Holland and Officer Sonny Perez as defendants.[1]

---

[1]  It appears Plaintiff has sued Holland and Perez in their individual capacities only, which would appear to be the proper course of action in light of the facts stated.

**DISCUSSION**

Having reviewed the Complaint pursuant to the standards set forth above, the Court has determined that the Complaint does not withstand screening for the following reasons:

**I.      Plaintiff Has Failed to State a Claim Against Warden Holland**

Under section 1983, a plaintiff must link each named defendant to participation in the violation at issue.  Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676–77; Simmons, 609 F.3d at 1020–21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and as administrators, defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to each defendant and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, may support a claim, the policy must have been the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914–15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

There is no indication that Warden Holland was present for, or had anything to do with, the incidents Plaintiff alleges.  Plaintiff has failed to set forth facts demonstrating that Warden Holland participated in, directed, or knew of the violations and failed to act to prevent them.  Accordingly, Plaintiff has failed to state a claim against Warden Holland.

**II.     Plaintiff Has Failed to State a Retaliation Claim**

In Count II, it appears that Plaintiff is attempting to bring a separate retaliation claim based on his lack of access to the administrative grievance process due to his fear of

retaliation by prison officials.  (Complaint at 4.)  Specifically, Plaintiff states that he could not file an administrative appeal "due to retaliation by officer."  (Id.)  Plaintiff does not identify the officer involved, nor does he specify the actions taken by the officer to prevent Plaintiff from filing an administrative appeal.  While this ultimately may provide Plaintiff with an excuse for failure to exhaust administrative remedies, Plaintiff has not stated sufficient facts to support a retaliation claim.

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes, 408 F.3d at 567–68).

Plaintiff states that he "could not file 602 appeal form due to retaliation by officer." (Complaint at 4.)  He states no other facts to support this claim.  There are simply not enough facts alleged to support a retaliation claim.  Twombly, 550 U.S. at 555.

**III.    Plaintiff Has Failed to State a Claim for Lack of Medical Care**

In Count III, Plaintiff alleges that he was denied medical care for his injuries. (Complaint at 5.)  In support of this claim, Plaintiff states that he "could not receive medical attention because officer did not allow me to."  (Id.)

To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059–60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff.  See Farmer v. Brennan, 511 U.S. 825, 837–42 (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment.  See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  Nevertheless, "[d]eliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

Plaintiff alleges that he sustained serious injuries to his face when he was hit in the face with a flashlight by Officer Perez, which resulted in a facial fracture and disfigurement to the left side of his face.  (Complaint at 3.)  However, Plaintiff alleges no facts regarding his attempts to obtain medical treatment and, specifically, how he was prevented from seeking such treatment.  Accordingly, Plaintiff has failed to state sufficient facts to support an Eighth Amendment deliberate indifference claim for lack of medical care.  Twombly, 550 U.S. at 555.

**IV.     Eighth Amendment Excessive Force Claim Against Officer Perez**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992).  What is

necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency.  Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action.  Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  Id. (quoting Hudson, 503 U.S. at 9–10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 1178.

The Court finds that Plaintiff's allegations are sufficient at the screening stage to state a claim against Officer Perez for use of excessive force, in violation of the Eighth Amendment.

* * * * * * * * *

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.  Specifically, Plaintiff may attempt to state sufficient facts to support a claims for retaliation and lack of medical care and a claim against Warden Holland in accordance with the standards set forth above.  Alternatively, Plaintiff may choose to drop certain claims or defendants.  For example, Plaintiff may choose to re-file this action only against Officer Perez on the excessive force claim or may choose to amend only certain claims for which he can allege sufficient factual support.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and failure to comply with a Court order.**

DATED: May 20, 2013

_/s/ John E. McDermott_
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE