1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY RAFAEL VIGAL, | ) | Case No. CV 13-1970-FMO (JEM) |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | DISMISSING FIRST AMENDED |
| | ) | COMPLAINT WITH LEAVE TO AMEND |
| HOLLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On May 8, 2013, Larry Rafael Vigal ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").  On May 20, 2013, the Court dismissed the Complaint with leave to amend.  Plaintiff filed a First Amended Complaint ("FAC") on June 3, 2013.

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level," <u>Twombly</u>, 550 U.S. at 555, or the merely possible or conceivable.  <u>Id.</u> at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u>  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  <u>Id.</u>

In a <u>pro se</u> civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  <u>Karim-Panahi v. Los Angeles Police Dept</u>, 839 F.2d 621, 623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action.  <u>Lucas v. Dept. of Corrections</u>, 66

F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following facts in support of his claim in Count I for excessive force:

> I was called to Board Room by Officer Perez.  He then asked if I was a Northern Rider Disruptive Group gang member.  I told him no.  He continue to ask me questions of where I was from, at which time he was on a computer. He then got up and said his flashlight was older than me and I was a lying piece of shit and that I was a Northern Rider.  He then grabbed me by my hair and slapped me on the left side of my face.  I asked him what that was for and he said for lying.  He then grabbed his mag light hitting me with the end on the left side of my face where my eye is at, causing me to get a permanent black eye because of a fracture in the bone!  He then said I was going to be his bitch and said for me to get out of his office.

(FAC at 5 (minor spelling and grammatical errors corrected).)  With respect to the First Amendment retaliation claim in Count II, Plaintiff alleges as follows:

> I filed a 602 on Officer Perez, Clayton, and Carol, for slapping me, hitting me with a flashlight, and abusing me verbally, physically, and mentally.  I placed the 602 in the designated area in front of the unit office.  The next day I was called to the Sergeant's office.  They

1   then told me that I was a bitch, hitting me with the 602 in my face

2   (Sergeant Westergreen).  He then said I would be sorry if Sonny

3   [Perez] found out about the 602 on him (Sonny Perez was not working).

4   He then said I should take my beating like a man, slapped me, and said

5   if I moved an inch that I would be facing a new legal case for assault on

6   an officer.  I then endured more verbal abuse and slaps from the

7   officers.  Sergeant Westergreen then got my 602 crumbled and threw it

8   in a trash can and said the next time I filed on one of his officers I would

9   not be let off the hook with a couple of slaps, and that I would be taken

10   out on a stretcher.  The correctional officers still work here and I am in

11   fear daily.

12   (FAC at 7 (minor spelling and grammatical errors corrected).)

13        Plaintiff names Officers Sonny Perez, Clayton, and Carol, and Sergeant Westergreen

14   as defendants in their individual and official capacities.  (FAC at 3-4.)  Plaintiff seeks

15   compensatory damages and injunctive relief.  (FAC at 6, 8.)

16   **DISCUSSION**

17        Having reviewed the FAC pursuant to the standards set forth above, the Court has

18   determined that the FAC does not withstand screening for the following reasons:

19   **I.**    **Plaintiff Must Name All Defendants In the Caption**

20        Plaintiff does not name any defendants in the caption of the FAC.  (FAC at 1.)  In the

21   body of the FAC, however, Plaintiff makes allegations against numerous defendants not

22   named in the caption, including: (1) Sonny Perez; (2) CCI Correctional Officer Clayton; (3)

23   CCI Correctional Officer Carol; and (4) CCI Sergeant Westergreen.

24        The individuals or entities named as "defendants" only in the body of the Complaint

25   have not been presented properly as parties, and the Court does not recognize them as

26   defendants in this action.  If Plaintiff files an amended complaint, he must include in the

27   caption the names of each defendant against whom he is asserting a claim.  See Fed. R.

28   Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63

(9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption).  The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

**II.    Plaintiff Cannot State a Claim For Damages Against Defendants In Their Official Capacities**

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159.  Each Defendants are officers or agents of the California Department of Corrections and Rehabilitation ("CDCR").  Thus, Plaintiff's claims against Defendants in their official capacities are tantamount to claims against CDCR.

States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under 42 U.S.C. § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).  CDCR is an agency of the State of California and, therefore, is entitled to Eleventh Amendment immunity.  See Brown v. California Department of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (CDCR is a state agency entitled to Eleventh Amendment immunity).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984).  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does

1    not constitute consent to suit in federal court.  See BV Engineering v. Univ. of Cal., Los

2    Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988).  Moreover, Congress has not abrogated

3    State sovereign immunity against suits under 42 U.S.C. § 1983.

4         Accordingly, Plaintiff's claims for money damages against the Defendants in their

5    official capacities are barred by the Eleventh Amendment.

6    **III.   Plaintiff Has Failed to Plead Sufficient Facts
         to Show How Defendants Clayton and Carol**

7    **Participated In the Alleged Constitutional Violations**

8         Liability under § 1983 arises upon a showing of personal participation by the

9    defendant.  Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  There is no respondeat

10   superior liability under section 1983.  Ybarra v. Reno Thunderbird Mobile Home Village, 723

11   F.2d 675, 680-81 (9th Cir. 1984).  To state a claim under section 1983, a plaintiff must

12   allege that (1) the defendant acted under color of state law, and (2) the defendant deprived

13   him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles,

14   442 F.3d 1178, 1185 (9th Cir. 2006).  A person deprives another of a constitutional right

15   where that person "does an affirmative act, participates in another's affirmative acts, or

16   omits to perform an act which [that person] is legally required to do that causes the

17   deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

18   1978).  "The requisite causal connection can be established not only by some kind of direct,

19   personal participation in the deprivation, but also by setting in motion a series of acts by

20   others which the actor knows or reasonably should know would cause others to inflict the

21   constitutional injury."  Id. at 743-44.

22        The FAC is devoid of any specific factual allegations that Defendants Carol and

23   Clayton engaged in any affirmative act, participated in another's affirmative act, or failed to

24   perform an act that they were legally required to do that caused the deprivations of which

25   Plaintiff complains.  Plaintiff's First Amendment retaliation claim alleges only that he "filed a

26   602 on officer Perez, Clayton, and Carol for slapping [him], hitting [him] with [a] flashlight,

27   and abusing [him] physically and mentally."  (FAC at 7.)  However, the only allegations of

28   First Amendment retaliation for filing a grievance contained in the FAC concern Sergeant

Westergreen.  (FAC at 7.)  Likewise, Plaintiff's excessive force claim only sets forth allegations against Defendant Perez.  (FAC at 5.)  Thus, there is an insufficient causal connection between the constitutional deprivations alleged in the first and second claims for relief and Defendants Carol and Clayton.  Plaintiff may amend his complaint to allege facts demonstrating how Defendants Carol and Clayton are responsible for the alleged constitutional deprivations in accordance with the requirements described herein.

**IV.   First Amendment Retaliation Claim**
**Against Sergeant Westergreen**

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes, 408 F.3d at 567–68).

The Court finds that Plaintiff's allegations are sufficient at the screening stage to state a retaliation claim against Sergeant Westergreen, in violation of the First Amendment.  See Watison v. Carter, 668 F.3d 1108, 1115-116 (9th Cir. 2012) (plaintiff properly stated a First Amendment retaliation claim when he claimed that a correctional officer retaliated against Plaintiff for filing grievances against the officer when he "became very angry with [plaintiff], walked directly in [plaintiff's] face and stated 'your emergency grievance isn't going to stand,' and threatened to hit [plaintiff] in the mouth for a complaint [plaintiff] was in the process of filing against [the officer]") (some internal quotation marks and brackets omitted).

**V.   Eighth Amendment Excessive Force Claim**
**Against Officer Perez**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  Wilkins v. Gaddy, 559 U.S. 34, 36 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992).  What is necessary to

show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency.  Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 37-38 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  Id. (quoting Hudson, 503 U.S. at 9–10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 37-38 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 38.

The Court finds that Plaintiff's allegations are sufficient at the screening stage to state a claim against Officer Perez for use of excessive force, in violation of the Eighth Amendment.

* * * * * * * * *

/ / /

/ / /

/ / /

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.  Specifically:

- Plaintiff shall name all defendants in the caption of the SAC.
- Plaintiff may attempt to state sufficient facts to support claims against Defendants Carol and/or Clayton in accordance with the standards set forth above.  Alternatively, Plaintiff may choose to drop these defendants and re-file this action only against Officer Perez and Sergeant Westergreen.
- Plaintiff may elect to pursue claims against the named defendants only in their individual capacities.  This would appear to be the proper course of action in light of the facts stated.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and failure to comply with a Court order.**

DATED: August 2, 2013                          */s/ John E. McDermott*
                                              JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE

9